## BILLINGSLEA v. BILLINGSLEA.

No. 33793.   July 5, 1950.

*219 P. 2d 989.*

Herman S. Davis, of Mangum, for plaintiff in error.

Kelly & Townsend, of Frederick, for defendant in error.

LUTTRELL, J.  This was an action brought by plaintiff, E. O. Billingslea, Jr., against E. O. Billingslea, Sr., for the dissolution of a partnership, a partnership accounting, and appointment of a receiver.  The trial court appointed a receiver, who duly filed his final accounts, from which it appeared that he had in his possession funds belonging to the partnership in the sum of $30,-658.89.  The trial court rendered judgment allowing certain accounts claimed by defendant, and disallowing other claims made by him, and divided the partnership funds between the parties after deducting therefrom certain claims admittedly due and owing by the partnership to third parties.  Defendant appeals.

From the record it appears that plaintiff is the son of defendant; that in 1945 defendant, who was in the business of buying and selling grain and feed in Frederick, employed plaintiff, his son, as manager of a branch of the business which he opened in the city of Tipton, and that plaintiff for his services during said year received a salary. At the close of 1945 plaintiff demanded an interest in the business, and the defendant thereupon made him a bill of sale whereby he conveyed to plaintiff an undivided one-third interest in the business in Tipton, including all buildings, property and effects belonging to the business, the business at Tipton to be thenceforth conducted under the name of E. O. Billingslea & Son.  In 1946 a fire destroyed some portion of the property, and on March 9, 1947, the buildings and most of the property appear to have been destroyed by fire. This action was commenced on May 7, 1947, by the plaintiff, who contended that he was to receive a salary of $5,000 in addition to his share of the profits.  Defendant denied this claim, and set up in his answer certain accounts which he claimed were due from the partnership to him individually, and in addition an account representing what he claimed were personal bills of the plaintiff paid out of the partnership funds.  In its judgment the trial court denied the claim of plaintiff that he was to receive a salary in addition to his share of the profits of the business, denied the greater portion of the claims asserted against the business by defendant, and after allowing claims against the partnership funds by third parties, and claims of the defendant amounting to $1,239.48, divided the remainder between the parties, adding the amount of claims allowed defendant to his share, and charging plaintiff with cash drawn by him from the partnership funds, over and above the amount drawn by defendant, in the sum of $1,958.14.

During the years 1946 and 1947 the parties withdrew from the partnership cash in the total sum of $10,025.08 of which amount plaintiff withdrew $5,992.11, and defendant withdrew $4,033.87. Defendant contends that neither party was entitled to draw any salary and that the above amount of $10,025.08 should be treated as partnership assets and distributed one-third to plaintiff and two-thirds to defendant.

We do not agree with this contention, but think that the trial court correctly charged to plaintiff the amount of plaintiff's withdrawal in excess of the withdrawals of defendant without regard to the division of the partnership interest. From the evidence it is reasonably apparent that the parties assumed that both were entitled to withdraw sums for living expenses and similar expenses without regard to the division of interests. No partnership agreement in writing was ever executed by the parties, although defendant had one prepared which permitted each of the parties to withdraw $100 per month as salary, but such contract was never executed. This contract was offered in evidence by defendant, and by its terms the withdrawals of $100 per month each were to be made without reference to the division of partnership interest between the parties. The books of the Tipton branch were kept in the office of the defendant in Frederick and in those accounts, so far as the record shows, the withdrawals made by the parties were shown, and there is no evidence that on the books the amounts withdrawn were charged or figured with reference to the division of the interest between the parties. The trial court did not err on charging plaintiff with only the amount of plaintiff's excess withdrawal.

Defendant next contends that the trial court erred in refusing to allow numerous accounts claimed by him against the partnership, and set out in an exhibit attached to his answer. As to one item in this account the trial court erred. This was an item of $1,211.82, which amount was derived from the sale of a carload of hay and feed belonging to the individual business of the defendant in Frederick which was sold through the Tipton branch. By error the amount received therefrom was deposited to the account of the partnership in Tipton instead of the individual account of the defendant in Frederick. The fact that this deposit was made to the Tipton account by mistake is testified to by both defendant and the receiver, and is nowhere disputed. The trial court allowed two other accounts which were collected for hay and feed belonging to the defendant, sold through the Tipton branch, but were by mistake credited to the partnership instead of to the defendant. Evidently the court overlooked the $1,211.82 item. This claim should have been allowed.

As to the other items of account claimed by defendant and not allowed by the trial court, they consist principally of property furnished by the defendant to the partnership during the year 1946. Defendant admits that all the property so furnished which was destroyed by the fire in 1947 belonged to the partnership and was covered by insurance thereon, which insurance was paid into the hands of the receiver, and which constituted the principal amount of the money in the hands of the receiver at the time he filed his final report, and of which sum defendant was entitled to a two-thirds part. Defendant admits that he gave to the plaintiff at the beginning of the year 1946 a one-third interest in all the property of the defendant located in Tipton, and it is reasonably apparent from the evidence that the additional items furnished by him during 1946, and which he claimed were never paid for by the partnership, were sent to Tipton from the Frederick office for the partnership use, and so far as the record shows were never charged against the partnership on the records of the Frederick office. At that time, apparently, the relationship of the parties was pleasant and friendly, and under the state of the record it is reasonable to

assume that defendant furnished the properties to the partnership in Tipton, where they were needed, without expecting payment therefor by the Tipton branch. The audit of the receiver did not show these as claims against the partnership, and apparently they were asserted for the first time when the defendant filed his answer in this action. From the record it appears that the father had an established business of considerable magnitude in Frederick, and that while the relationship of the parties was amicable both contributed their efforts, and some property, to the partnership without charging the partnership therefor. Plaintiff testified that he likewise contributed certain personal property to the partnership for which he made no charge, although he did not file or offer in evidence any itemized statement therefor. We think the trial court was justified in believing that the property and services for which defendant now demands payment were contributed by him to the partnership voluntarily, without any intention of making a charge against the partnership therefor, or any idea that the partnership would be liable to him for the reasonable value thereof.

Defendant also listed certain accounts which he claimed represented personal bills of plaintiff paid by the partnership, but from the record it appears that practically all these items were for repairs or replacements on personal property owned by plaintiff and employed in the business of the partnership, and the trial court apparently considered that they were a proper partnership expense.

After a careful examination of the record we are unable to say that the judgment of the trial court, except as to the one item of $1,211.82 above mentioned, is clearly against the weight of the evidence.

The judgment of the trial court is modified by adding the sum of $1,211.82 to the sum of claims found by the court to be due defendant from the partnership, and as modified is affirmed. Costs of this appeal to be equally divided between the parties.

ARNOLD, V.C.J., and WELCH, CORN, GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.